UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR HAROLD DORIE, JR.,

        Plaintiff,                    Case Number: 2:22-CV-10217
                                                  HONORABLE SEAN F. COX

v.

VELLANTI, ET AL.,

        Defendants.
_____/

### ORDER OF DEFICIENCY FOR FAILURE TO COMPLY
### WITH RULE 8 OF THE RULES OF CIVIL PROCEDURE

Michigan prisoner Arthur Harold Dorie, Jr., initiated this civil rights action under 42 U.S.C. § 1983 by filing a 128-page complaint and 75 additional pages of exhibits. Plaintiff is a prisoner in the custody of the Michigan Department of Corrections (MDOC) and has been granted leave to proceed *in forma pauperis*. Plaintiff names as defendants the MDOC, MDOC director Heidi Washington, MDOC hearings administrator Richard Russell, and seventeen individuals who work at the Saginaw Correctional Facility. The complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. The Court will allow Plaintiff 60 days to correct this deficiency as set forth below.

I.

Under 28 U.S.C. § 1915(e)(2)(B), the Court may *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a

defendant who is immune from such relief. *See also* 42 U.S.C. § 1997e(c). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But this leniency "is not boundless" and *pro se* litigants must still comply with the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Rule 8 gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). While this notice-pleading standard does not require "detailed" factual allegations, *id.* at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

## II.

Plaintiff's lengthy single-spaced, handwritten complaint contains many overlapping factual allegations and extraneous details. The complaint's repetitiveness makes it difficult to ascertain the factual allegations of unconstitutional conduct against each of the defendants. The Court and defendants "should not have to 'fish a gold coin

from a bucket of mud'" to identify the allegations at issue or to link allegations to specific defendants. *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)); *see also Schied v. Daughtrey*, No. 08-14944, 2008 WL 5422680, at *14 (E.D. Mich. Dec. 29, 2008) ("When faced with voluminous pleadings, neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange."); *Flayter v. Wisc. Dep't of Corrections*, 16 Fed. App'x 507, 508-09 (7th Cir. 2001) ("A prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation.") (citations omitted).

Plaintiff's complaint fails to comply with Rule 8(a). The Court shall provide Plaintiff with the opportunity to correct his pleading deficiency by filing an amended complaint that complies with Rule 8(a). *See Kensu*, 5 F.4th at 652 (holding that "if a complaint violates Rule 8, the appropriate remedy is rarely immediate dismissal").

## III.

For the reasons stated, the Court concludes that Plaintiff's complaint fails to comply with Rule 8(a). The Court concludes that Plaintiff should have the opportunity to correct his deficiency by filing an amended complaint. Accordingly, Plaintiff may file an amended civil rights complaint that complies with Rule 8(a) of the Federal Rules of Civil

Procedure within 60 DAYS of the filing date of this order. That complaint will supersede the current complaint. If he does not do so, the Court shall dismiss the current complaint without prejudice for failure to comply with Rule 8(a) and close this case.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: May 26, 2022